UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-CR-60067-HUCK/O'SULLIVAN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARCUS MYERS,

        Defendant.

_____/

### REPORT AND RECOMMENDATION

On or about October 14, 2010, court-appointed defense counsel G.P. Della Fera (hereinafter "counsel") submitted a voucher application numbered FLS 10 4845 with appended time sheets requesting $9,813.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act ("CJA"). Counsel represented defendant Marcus Myers ("defendant") for over seven (7) months from his appointment on February 18, 2010 until September 28, 2010.

United States District Court Judge Paul C. Huck entered an Order of Reference (DE# 109, 1/10/11) referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by counsel are appropriate. See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules. The undersigned spoke to counsel and requested that counsel provide a memorandum explaining the charges contained in his voucher. On January 18, 2011, counsel provided the undersigned with a detailed seven-page memorandum.

**Criminal Justice Act and Guidelines for Administration
of the Criminal Justice Act**

The United States Judicial Conference developed the Guidelines for Administration of the Criminal Justice Act (hereinafter "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section 6.02(B) of the Guidelines.

The CJA at 18 U.S.C. § 3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

## DISCUSSION

**Voucher Amount - Administrator's Review**

The Court's CJA administrator reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to the undersigned's review. Counsel seeks compensation for 4.7 in-court hours at the hourly rate of $125 per hour for a total of $587.50. The CJA administrator made no changes to either the total number of in-court hours or the total amount of compensation sought.

2

The CJA administrator also reviewed the $8,987.50 counsel billed for 71.9 out-of-court hours. There were some mathematical errors, which the CJA administrator corrected.  According to these corrections, counsel sought compensation for 26.0 hours for "Interviews and Conferences," 20.2 hours for "Obtaining and reviewing records," 5.9 hours for "Legal research and brief writing" and 21.0 hours for "Travel time." These corrections brought the total from 71.9 hours to 73.1 hours which increased the amount of fees sought to $9,137.50.  When added together, the in-court hours ($587.50) and the out-of-court hours ($9,137.50) exceeded the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA by $25.00. Counsel informed the CJA administrator that he would waive the $25.00 overage. Accordingly, the CJA administrator reduced the amount sought for out-of-court hours from $9,137.50 to $9,112.50. Counsel also seeks $238.00 in "Travel Expenses." The CJA administrator reduced this amount to $232.00 due to a mathematical error. The undersigned's review of the voucher application confirms that these charges are indeed appropriate.

## In-Court Hours[1]

Counsel made five in-court appearances in this case on February 23, 2010, March 4, 2010, May 6, 2010, July 19, 2010 and September 28, 2010. Counsel seeks $587.50 for 4.7 in-court hours at a rate of $125.00 per hour for these appearances. The CJA Administrator made no corrections to this amount. The amount of time spent in Court appears to be reasonable. The undersigned concludes that an amount of $587.50 for in-court hours is reasonable in this case.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

3

**Out-of-Court Hours**

After the CJA Administrator's adjustments, counsel seeks $9,112.50 for 73.1 out-of-court hours billed at a rate of $125.00 per hour. In this case, the defendant was charged by indictment with three counts of conspiracy to possess with intent to distribute 50 grams or more of cocaine base in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A) (Counts I, III and IV), conspiracy to distribute 500 grams or more of cocaine in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B) and distribution of cocaine in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) (Count II) and Title 18, United States Code, Section 2 (Count VI). On July 19, 2010, the defendant pled guilty to Counts III and IV of the indictment. See Minute Entry (DE# 83, 7/19/10). Count I and II were dismissed on the government's motion. The defendant was sentenced to 151 months as to each of Counts III and IV.

At first glance, 73.1 hours of out-of-court time appears to be an excessive amount of hours for a guilty plea in this type of case. However, counsel has explained that the defendant required frequent communication with counsel and wanted to be involved in every aspect of preparing his defense. The government also produced over 1,000 pages of documents and hundreds of hours of recorded surveillance in this case.[2]  The defendant has extensive experience with the criminal justice system and was prepared to go to trial from the outset. It was only after the Fair Sentencing Act of 2010 was passed that counsel was able to reach a favorable agreement with the

---

[2] Although counsel viewed the video and audio surveillance, he did not bill all his time. He billed five hours on June 12, 2010 for reviewing this evidence with his client.

government and the defendant agreed to plead guilty. These factors resulted in increased attorney hours in the case.

The undersigned has reviewed all of the entries listed on the time sheets and the total time claimed for each of the task categories. The vast majority of out-of-court hours spent by counsel are appropriate. However, some reductions to counsel's out-of-court hours are warranted. Counsel billed a total of 21.0 hours in travel time for 14 trips. On 13 occasions, counsel billed 1.5 hours round trip for travel from his office to the federal courthouse or the Federal Detention Center. The undersigned finds that this amount is excessive. According to an internet based mapping website, the federal courthouse complex is approximately a 13 minute drive from counsel's office. Taking traffic into account, counsel's travel time should be no more than one hour round trip. Accordingly, the undersigned will reduce the amount of travel time sought by counsel by 6.5 hours for a total of 14.5 hours. The undersigned finds that the remaining out-of-court charges in the voucher application are appropriate.

Several factors contributed to increased attorney's fees in the instant case. Counsel reviewed hundreds of hours of recorded surveillance, reviewed voluminous documents and other evidence produced during discovery, researched the Fair Sentencing Act of 2010 and visited his client at the Broward County Jail and the Federal Detention Center approximately nine times. In light of these circumstances, the undersigned finds that the amount charged by counsel, with the aforementioned reductions, is a reasonable amount.

In considering awards to counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one

hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel." United States v. Mukhtaar, No. 06 Cr 31 (SWK), 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." United States v. Diaz, 802 F. Supp. 304, 307 (C.D. Cal. 1992) (quoting United States v. Carnevale, 624 F. Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, the undersigned concludes that an award of $8,300.00[3] for out-of-court hours is reasonable.

## Expenses

Counsel seeks $238.00 in "Travel Expenses" for parking fees and mileage. The CJA administrator reduced this amount to $232.00 due to a mathematical error. The undersigned approves the amount of $232.00 for "Travel Expenses" as reasonable.

## **CONCLUSION**

In sum, based upon the undersigned's review of the voucher, having personally reviewed the time sheets and the case record as it relates to counsel's voucher and having received a memorandum of explanation from counsel, the undersigned

---

[3] $9,112.50 less $812.50 (6.5 hours at $125.00) totals $8,300.00.

RECOMMENDS that counsel be paid a total of **$9,119.50** ($587.50 for in-court hours, $8,300.00 for out-of-court hours and $232.00 for travel expenses) as fair and final compensation for his work on this case.

In accordance with 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Paul C. Huck, United States District Judge.

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this **29th** day of March, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Huck
Counsel of record